MONTGOMERY OYER AND TERMINER, July 21, 1823. Before *Walworth*, Circuit Judge, and the County Judges.

THE PEOPLE *vs.* ANDREW WILLEY.

That the prisoner was intoxicated is no defence to an indictment for perjury.

The prisoner was indicted for perjury. It appeared that in June, previous to the trial, he came in company with one or two other persons, from the county of Schenectady to a magistrate in the county of Montgomery, to whom he was a stranger, and made a complaint against one James Thomas, for the murder of a man on board of a sloop on the Mohawk river, in that county, and he testified to a number of facts, positively charging Thomas with the crime. It appeared by a number of witnesses that the whole story was an entire fabrication.

*B. Chamberlin*, for the prisoner, offered to prove that he was intoxicated at the time he came before the magistrate and obtained the warrant; and the counsel stated that such a defence had been admitted by Chief Justice Spencer in a case of perjury.

*W. I. Dodge*, (District Attorney,) for the people.

WALWORTH, *Circuit Judge.*—It is a general rule in criminal prosecutions, that the intoxication of the accused is no defence and forms no excuse for the commission of a crime (*a*). It has been frequently so decided even in the case of murder, though *Judge Van Ness* once permitted the fact of intoxication to be proved to rebut the presumption of malice, where a man had been killed in a sudden affray, and to show that the act was the effect of sudden passion, and not of premeditation. But the correctness of that decision has been much doubted.

(*a*) 2 Coke Lit. 247 ; 1 Plow. Rep. 19 ; 4 Coke's Rep. 125 ; 1 Hawk. P. C. 2 ; 1 Hale's P. C. 32 ; Burn's I., title "Alehouse," 14, and "Lunatic."

There can be nothing in a case of barefaced perjury, like the present, to take it out of the general rule. There must be some mistake about the case said to have been decided by Chief Justice Spencer. But even if he did so decide, it was contrary to the uniform decisions of courts in relation to such a defence, and therefore can not be the law.

The jury, without leaving the bar, found the prisoner guilty, and he was sentenced to ten years' imprisonment in the state prison.

---

SARATOGA OYER AND TERMINER, July 29, 1823. Before *Walworth*, Circuit Judge, and the County Judges.